IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCIS JOSEPH SANTAROSE and ANGELA SANTAROSE, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-10-0720 |
| AURORA BANK FSB, Defendant. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 20] filed by Defendant Aurora Bank FSB ("Aurora"), to which Plaintiffs Francis Joseph "Frank" Santarose and Angela Santarose filed a Response [Doc. # 34], and Plaintiffs' Motion for Summary Judgment [Doc. # 21], to which Aurora filed a Response [Doc. # 31].[1]  Having reviewed the full record and applied governing legal authorities, the Court **grants** Aurora's Motion and **denies** Plaintiffs' Motion.

### I.   BACKGROUND

The background is set forth in the Court's Memorandum and Order [Doc. # 28] entered June 2, 2010.  Briefly, Plaintiffs filed this lawsuit alleging that Defendant

---

[1]  Also pending is Plaintiffs' Motion for Reconsideration [Doc. # 35] seeking reconsideration of the Court's denial of their request for a Temporary Restraining Order.  Because the Court is disposing of this case in its entirety, the request for reconsideration of the denial of preliminary relief is denied as moot.

P:\ORDERS\11-2010\0720MsSJ.wpd   100803.1443

wrongfully foreclosed on Plaintiffs' house. Angela Santarose executed a promissory note ("the Note") dated March 23, 2007, for the principal amount of $226,497.00 in connection with a purchase money loan from Lehman Brothers Bank, FSB, A Federal Savings Bank ("Lehman Bank"). Angela and Frank Santarose executed a deed of trust ("Deed of Trust") dated March 23, 2007, securing the payment of the Note.

Lehman Bank changed its name to Aurora on April 27, 2009. Aurora contends that Angela Santarose defaulted on the Note and Deed of Trust by failing to pay the monthly principal and interest payment due for November 1, 2008, and for all months thereafter. Aurora, as beneficiary under the Deed of Trust, authorized foreclosure of the property which occurred on March 2, 2010.

On March 5, 2010, Frank Santarose filed this lawsuit. On April 20, 2010, Plaintiffs filed what has been construed as an Amended Complaint [Doc. # 15]. In the Amended Complaint, Plaintiffs assert that Aurora does not possess the original promissory note and therefore has no evidence that it loaned them any money, and that the Deed of Trust is a contract that Plaintiffs have with themselves and can change at any time  Plaintiffs also assert that they paid off the mortgage with the "bill of exchange" and that the Mortgage Electronic Registration Systems, Inc. ("MERS") did not have standing to conduct the foreclosure. After an opportunity to conduct relevant

discovery, the parties filed Motions for Summary Judgment. The Motions are now ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). Put another way, "[s]ummary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336

F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co.*, 530 F.3d at 399. Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported

statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III.  ANALYSIS

Aurora has produced evidence that it is the owner of the Note and Deed of Trust, that Angela Santarose defaulted on the Note, and that she owed a principal balance of $262,240.32, as of December 14, 2009, with interest continuing to accrue on the Note at a rate of 10.575 percent per annum. As a result, Aurora has presented evidence that it was entitled to conduct the foreclosure of the property secured by the Deed of Trust and would be entitled to summary judgment on Plaintiffs' claims.

Plaintiffs offer several arguments in opposition to Aurora's legal authority to conduct the foreclosure. Plaintiffs argue that Aurora has not complied with its discovery obligations. Plaintiffs argue that Aurora does not possess the original promissory note and, therefore, cannot prove that it loaned money to Plaintiffs.

Plaintiffs argue that the Deed of Trust is a contract that Plaintiffs have with themselves and can change at any time. Plaintiffs argue that they paid the mortgage with a "bill of exchange." Plaintiffs also argue that MERS did not have standing to conduct the foreclosure.

### A.   Discovery Issues

Plaintiffs assert that Aurora did not comply fully with all of their discovery requests. Although Aurora did not produce all documents and answer all interrogatories as requested by Plaintiffs, Aurora provided all relevant discovery as required by the Court. As a result, Plaintiffs' dissatisfaction with the discovery process in this case is not a basis for the Court to deny summary judgment to Aurora.

### B.   Original Note and Deed of Trust

Plaintiffs argue Aurora does not possess the original promissory note and, therefore, has no evidence that it loaned money to Plaintiffs. They also argue that the Deed of Trust is a contract to which Plaintiffs are the only parties and can change at will.

Aurora produced the original promissory note in open court and also submitted an affidavit attesting that Aurora/Lehman has been the sole owner of the Note since the inception of the loan. The Note lists Lehman Bank, Aurora's predecessor in interest, as the "Lender" and defines "Note Holder" as "[t]he Lender or anyone who

takes this Note by transfer and who is entitled to receive payments under this Note . . ..". There is no factual basis for Plaintiffs' suspicion that Aurora does not have the original promissory note as evidence of its loan to Plaintiffs.

Plaintiffs also assert that the Deed of Trust is merely a contract between themselves to which Aurora is not a party. There is no legal or evidentiary support for this argument. The Deed of Trust lists Lehman Bank, Aurora's predecessor, as the "Lender" and further provides that the term "Lender" under that instrument "includes any holder of the Note who is entitled to receive payments under the Note." The Deed of Trust defines "Borrower" as "Angela Santarose, a married woman, and Frank Santarose, her husband," and recites numerous covenants between the Borrower and the Lender. On the Deed of Trust immediately above Plaintiffs' signatures, there is a representation that "BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it." *See* Deed of Trust, p. 21. The Deed of Trust establishes beyond dispute that Aurora, as successor in interest to Lehman Bank, is a party to and has a legally enforceable interest as "Lender" under the Deed of Trust. Plaintiffs' arguments to the contrary are not supported by legal authority or admissible evidence.

C. **"Bill of Exchange"**

Plaintiffs argue that they paid the balance on the Note by tendering a "bill of exchange" or an "international bill of exchange" to Aurora. In an affidavit attached to his original complaint, Frank Santarose stated that he "discharged this alleged public debt on October 19, 2009, by submitting a bill of exchange to Aurora Bank FSB, drawn upon an authorized officer of the United States (in this case the Secretary of Treasury)." In support, Plaintiff attached to his original complaint an unsigned document entitled "Bill of Exchange." Plaintiffs also rely on a document entitled "International Bill of Exchange." This document contains the words "Offer of Performance UCC 3-103(6)" and "Tender Made Pursuant to UCC 3-603" in the top, center portion of the "bill." The document states that "Aurora Loan Services" is to be paid $224,777.59 "on sight," but does not identify a payor.

Frank Santarose asserts that a bill of exchange is a request for payment from a trust held in the United States Treasury. Frank Santarose further asserts that every person born in the United States of America has a trust set up in his name at the time of his birth, and that he (Frank Santarose) drew upon his trust with the bill of exchange. Plaintiffs claim that they used a "bill of exchange" to direct the Secretary of Treasury to draw upon federal funds in an account in Plaintiffs' name to pay off their obligations to Aurora under the Note and Deed of Trust and, further, that the Secretary of the Treasury actually did so.

Plaintiffs have provided no viable legal authority or any reliable or probative factual support for their bill of exchange theory. They have conceded on the record in open court that they have not personally paid the amounts due under the Note. There is no evidence that the United States Department of Treasury has any trust or account in Plaintiffs' name. Moreover, Plaintiffs have produced no evidence that the Secretary of the Treasury, or any federal official, made payment to Aurora on Plaintiffs' behalf by drawing upon federal funds, or any other funds. Plaintiffs accordingly have failed to raise a genuine issue of material fact in support of their "bill of exchange" theory.

### D.     MERS's Standing to Foreclose

Plaintiffs argue that MERS did not have standing to foreclose because it is not a "real party in interest." Plaintiffs' argument is refuted by the record. The Deed of Trust references MERS, and provides that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the [Real Property]; and to take any action required of Lender. . . .

Deed of Trust, Exh. 2 to Aurora's Motion, at 9. The Deed of Trust establishes that MERS was a nominee under that security instrument with the expressly stated right to "foreclose and sell the [Real Property]." Under the plain language of the Deed of

Trust, MERS had the right to foreclose the property with Aurora's authorization. Plaintiffs have failed to raise a genuine issue of material fact to support their theory that MERS did not have standing to foreclose on their property.

## IV. CONCLUSION AND ORDER

Aurora has presented evidence that it is the owner of the Note, that Plaintiffs were in default under the Note, and that Aurora had the right to authorize MERS to conduct a foreclosure of Plaintiffs' property. Plaintiffs have failed to present governing legal authority or evidence to support their arguments against Aurora and MERS's right to foreclose. Accordingly, it is hereby

**ORDERED** that Aurora's Motion for Summary Judgment [Doc. # 20] is **GRANTED** and Plaintiffs' Motion for Summary Judgment [Doc. # 21] is **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 35] is **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **3rd** day of **August, 2010**.

_____
Nancy F. Atlas
United States District Judge